******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JONATHAN MILLER
(AC 37130)

Lavine, Sheldon and Mullins, Js.

*Argued January 11—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of Hartford, geographical area number fourteen, Suarez, J.)

*Robert E. Byron*, assigned counsel, for the appellant (defendant).

*Matthew R. Kalthoff*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David M. Carlucci*, assistant state's attorney, for the appellee (state).

*Opinion*

SHELDON, J. The defendant, Jonathan Miller, appeals from the judgment of conviction, rendered after a jury trial, of assault in the third degree in violation of General Statutes § 53a-61 (a) (1), and two counts of breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (1) and (2).[1] On appeal, the defendant claims that the court violated his right to a fair trial by denying his challenge for cause as to an allegedly biased venireperson, thereby necessitating his use of a peremptory challenge to excuse that venireperson. We affirm the judgment of the trial court.

The following factual and procedural history is relevant to the defendant's claim on appeal. On August 31, 2012, the defendant appeared in family court in Hartford to defend himself against allegations that he had failed to pay child support to Angela Cox, the mother of his son. Upon leaving the courthouse after the hearing, the defendant was involved in an altercation with the father of Cox' daughter. As a result of that incident, the defendant was charged with one count of assault in the third degree, three counts of breach of the peace in the second degree and one count of criminal mischief in the third degree.

Jury selection in this case began on May 7, 2014. The parties selected the six regular jurors on that day. On the next day, the parties commenced voir dire to select the requisite two alternate jurors. Upon questioning venireperson R.D.,[2] it was disclosed that his mother recently had been the victim of a burglary. R.D. indicated that he did not have a problem with his interaction with police officers regarding that crime, and, when asked whether he would tend to find the testimony of police officers more or less credible than that of other witnesses, he responded, "I would say possibly more credible. I don't know. I don't know if I would be biased or not." He acknowledged that he would have to wait to hear what the officers had to say and that his judgment of their testimony would depend on the circumstances. When defense counsel later asked R.D. whether he would "give more consideration to the police officer's [testimony] because he's an officer," R.D. replied, "It's possible that I would." Defense counsel then asked R.D. if he would have a problem finding the defendant not guilty if the state failed to prove its case but the defendant did not testify or present any evidence of his own. R.D. responded, "Well, that he would not say anything would not be a factor. Possibly if there was no other positive evidence, that—that may be a factor."[3]

Following counsel's voir dire of R.D., the court asked R.D.: "[I]f one of the instructions that the judge provided to you was that you're to treat all witnesses the same whether they be a police officer or a doctor or a lay

person or an attorney, you would test their credibility in the same manner. Would you not?" R.D. responded that he would and that he would judge all witnesses in the same manner.

The state accepted R.D. as a juror, but the defendant asked that he be excused for cause on the grounds that he had indicated that he might give more credit to a police officer's testimony than to that of a lay witness and that he might be concerned if the defendant did not testify or present any evidence. The court denied the defendant's challenge for cause, explaining, "In the totality of all of [the] answers to the questions that were presented, [it] does appear that [R.D.] would follow the instructions of the court as to the law and specifically did answer regarding credibility of witnesses . . . . [A]ll in all, I think by the totality of all of the questions and the answers he would be fair and impartial . . . ." The defendant thus exercised a peremptory challenge to excuse R.D. from serving on the jury.

On appeal, the defendant claims that the court erred in denying his challenge for cause as to R.D., for it thereby required him to exercise a peremptory challenge to excuse R.D., and thus deprived him of his right to an impartial jury and a fair trial. In response, the state argues that, because the defendant exercised a peremptory challenge to excuse R.D. from the jury, and his peremptory challenges were not exhausted, "the composition of the jury and the fairness of the trial were unaffected by the trial court's [denial of his challenge for cause]." We agree with the state.

"Jury impartiality is a core requirement of the right to trial by jury guaranteed by the constitution of Connecticut, article first, § 8, and by the sixth amendment to the United States constitution. . . . The modern jury is regarded as an institution in our justice system that determines the case solely on the basis of the evidence and arguments given [it] in the adversary arena after proper instructions on the law by the court. . . . [Article first, § 8, and the sixth amendment require] that a criminal defendant be given a fair trial before an . . . unprejudiced jury . . . . Put another way, [t]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors." (Citations omitted; internal quotation mark omitted.) *State v. Benedict*, 158 Conn. App. 599, 605, 119 A.3d 1245, cert. granted on other grounds, 319 Conn. 924, 125 A.3d 200 (2015).

"The determination as to a potential juror's impartiality, in which demeanor plays an important part, is particularly within the province of the trial judge and the trial judge has broad discretion in deciding whether to excuse a juror for cause. . . . In challenging the competency of this juror to sit on the panel, the [defendants] had the burden of raising [their] claim of actual bias from the realm of speculation to the realm of fact.

. . . In proving actual juror bias, the party challenging for cause must also show that the juror's state of mind is fixed and settled and not a mere impression." (Citation omitted; internal quotation marks omitted.) *Thorsen* v. *Durkin Development, LLC*, 129 Conn. App. 68, 72, 20 A.3d 707 (2011).

In this case, we need not determine whether the court properly exercised its discretion in denying the defendant's challenge for cause because the defendant exercised a peremptory challenge to excuse R.D. from serving on the jury and he did not exhaust his peremptory challenges.[4] "Where a [party] has failed to exhaust his right of peremptory challenge, it is no ground for granting him a new trial that a challenge for cause was overruled." (Internal quotation marks omitted.) *State* v. *Vitale*, 190 Conn. 219, 224–25, 460 A.2d 961 (1983); see also *State* v. *Ross*, 269 Conn. 213, 231–32, 849 A.2d 648 (2004); *State* v. *Kelly*, 256 Conn. 23, 32 n.8, 770 A.2d 908 (2001); *State* v. *Esposito*, 223 Conn. 299, 313, 613 A.2d 242 (1992); *State* v. *Smith*, 49 Conn. 376, 379 (1881); *State* v. *Hoyt*, 47 Conn. 518, 529 (1880); *State* v. *Omar*, 136 Conn. App. 87, 91–92, 43 A.3d 766, cert. denied, 305 Conn. 923, 47 A.3d 883 (2012). Because the defendant did not exhaust his peremptory challenges, his claim that he was deprived of his right to a fair trial must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant was found not guilty of criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1) (A), and breach of the peace in the second degree in violation of § 53a-181 (a) (5).

[2] We refer to the venireperson by his initials to protect his privacy. See *State* v. *Hodge*, 248 Conn. 207, 229 n.25, 726 A.2d 531, cert. denied, 528 U.S. 969, 120 S. Ct. 409, 145 L. Ed. 2d 319 (1999).

[3] Our recitation of the previously quoted excerpts of R.D.'s voir dire is limited to those inquiries that gave rise to the defendant's request that he be excused for cause.

[4] The defendant argues that "[t]he presence on the jury of a biased juror constitutes a structural defect which obviates considerations of exhaustion of peremptory challenges." This argument ignores the premise that when the defendant is able to exercise a peremptory challenge to excuse a biased venireperson from serving on the jury, the allegedly structural defect that may arise from allowing a biased juror to serve on a jury does not come to fruition.